WR-83,797-01,02

DOCKET NO. _____

IN THE
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
8/28/2015
ABEL ACOSTA, CLERK

IN RE:
DARRELL CURLEE,
Relator

PETITION FOR WRIT OF MANDAMUS AND
FOR WRIT OF PROHIBITION

Trial Cause No. 37,458
In the 66th Judicial District Court of Hill County, Texas
Honorable A. Lee Harris, Presiding

Terence A. "Tiger" Russell
#217437070
1040 E. Elm St.
Hillsboro, Texas 76654
(254) 580-9282
Fax: (254) 582-5593
tiger_russell@att.net
ATTORNEY FOR RELATOR

L.T. "Butch" Bradt
#02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

# IDENTITIES OF PARTIES

**RELATOR:** Darrell Curlee

COUNSEL FOR RELATOR:
Terence A. "Tiger" Russell
#217437070
1040 E. Elm St.
Hillsboro, Texas 76654
(254) 580-9282
Fax: (254) 582-5593
tiger_russell@att.net

L.T. "Butch" Bradt #02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

**RESPONDENT:**

Honorable A. Lee Harris
66th Judicial District Court
PO Box 284
Hill County Courthouse
Hillsboro, Texas 76645
(254) 582-4045

**REAL PARTIES IN INTEREST:**

STATE:
Mark Pratt, District Attorney
PO Box 400
Hill County Courthouse
Hillsboro, Texas 76645
Fax: (254) 582-4036

ADDITIONAL COUNSEL:
Lyle Vincent Gripp
100 N 6th St., Suite 703
Waco, TX 76701
254-756-1112

i

# TABLE OF CONTENTS

Page

**IDENTITIES OF PARTIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    **ISSUE NO. ONE:** Does the power of the trial court to appoint counsel to represent indigent defendants carry with it the concomitant power to *sua sponte* appoint a new lead counsel to dictate the defense of a case where (1) initial counsel was duly appointed; (2) initial counsel is completely competent to represent the defendant without any assistance; and (3) the defendant has not expressed any dissatisfaction with his initial appointed counsel? If not, will mandamus issue to cause the trial judge set aside his order appointing a new lead counsel, especially as relates to Relator? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    **ISSUE NO. TWO:** When a defendant is seeking mandamus relief to set aside an order appointing additional counsel, will a writ of prohibition issue to stay proceedings in the trial court to thereby prevent interference with the jurisdiction of the Court of Appeals? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**SUMMARY OF THE ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**ARGUMENT AND AUTHORITY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    **ISSUE NO. ONE RESTATED:** The power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to effectively replace counsel by appointing new counsel as "lead counsel" at the judge's

discretionary whim and especially without a hearing. Mandamus should issue to cause the order appointing additional lead counsel to be vacated. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Entitlement to Writ of Mandamus:** . . . . . . . . . . . . . . . . . . . . . 8

**ISSUE NO. TWO RESTATED:** A Writ of Prohibition should issue to prohibit Respondent from holding any hearings on the case until such time as the application for writ of mandamus shall have been determined. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Entitlement to Writ of Prohibition:** . . . . . . . . . . . . . . . . . . . . 12

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**CERTIFICATE OF COMPLIANCE** . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**Federal Cases:**

*Mathews v. Eldridge*, 424 U.S. 319 (1976) . . . . . . . . . . . . . . . . . . . . . . . . 8

**State Cases:**

*Ayres v. Canales*, 790 S.W.2d 554 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . 9

*De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004) (orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985) . . . 9

*Garcia v. Peeples*, 734 S.W.2d 343 (Tex. 1987) . . . . . . . . . . . . . . . . . . . . . 9

*Huie v. DeShazo*, 922 S.W.2d 920 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . 9

*Humble Oil Co. Inc. v. Walker*, 641 S .W.2d 941 (Tex. App. — Dallas 1982, orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Kuntz*, 124 S.W.3d 179, 180 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . 9

*In re State ex rel. Weeks*, 391 S.W.3d 117 (Tex. Crim. App. 2013) (orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex. 1984) . . . . . . . . . . . . . . . 9

*Padilla v. McDaniel*, 122 S.W.3d 805 (Tex. Crim. App. 2003) (orig. proceeding) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Simon v. Levario*, 306 S.W.3d 318 (Tex. Crim. App. 2009) (orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Stearnes v. Clinton*, 780 S.W.2d 216 (Tex. Crim. App. 1989) . . . . . . . . . 9-11

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) . . . . . . . . . . . . . . . . . . . 8, 9

*West v. Solito*, 563 S.W.2d 240 (Tex. 1978) . . . . . . . . . . . . . . . . . . . . . . . 9

**State Statutes:**

Art. 1, § 10, Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

Art. 1, § 19, Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

Art. V, § 1, Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**U.S. Constitution:**

Amendment V, U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

Amendment VI, U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

Amendment XIV, U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 8

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Relator, Darrell Curlee, shows:

**STATEMENT OF THE CASE**

The underlying case (Cause No. 37,458 in the 66TH Judicial District Court) is an indictment alleging Aggravated Assault with a Deadly Weapon (2 counts). On August 13, 2012, Terence A. "Tiger" Russell was appointed to represent Relator. Relator pleaded "not guilty," and expressed a desire to press the State of Texas to prove his guilt beyond a reasonable doubt in a jury trial to be held in the 66TH Judicial District Court. Although Relator had not expressed any dissatisfaction with or even any desire to have Mr. Russell removed as his attorney, on February 27, 2015, Respondent *sua sponte* signed an order that appointed Lyle Vincent Gripp as additional counsel and as "lead counsel" – thereby tacitly denying Mr. Russell the right to represent Relator. The case is now pending a trial setting on the court's docket.

Relator sought mandamus relief from the Tenth Court of Appeals, which denied relief. The instant application results.

**STATEMENT OF JURISDICTION**

This Court has jurisdiction of this Petition under Art. V, § 1, Texas Constitution.

This Petition is also brought under Amend. V, Amend. VI and Amend. XIV of the United States Constitution. And this Petition is brought under Art. 1, § 10 and § 19, Texas Constitution.

1

## ISSUES PRESENTED

**ISSUE NO. ONE:** Does the power of the trial court to appoint counsel to represent indigent defendants carry with it the concomitant power to *sua sponte* appoint a new lead counsel to dictate the defense of a case where (1) initial counsel was duly appointed; (2) initial counsel is completely competent to represent the defendant without any assistance; and (3) the defendant has not expressed any dissatisfaction with his initial appointed counsel? If not, will mandamus issue to cause the trial judge set aside his order appointing a new lead counsel, especially as relates to Relator?

**ISSUE NO. TWO:** When a defendant is seeking mandamus relief to set aside an order appointing additional counsel, will a writ of prohibition issue to stay proceedings in the trial court to thereby prevent interference with the jurisdiction of the Court of Appeals?

## STATEMENT OF FACTS

The underlying case (Cause No. 37,458 in the 66TH Judicial District Court) is an indictment alleging Aggravated Assault with a Deadly Weapon (2 counts). The indictment is attached hereto as Exhibit 1 and incorporated for all purposes by reference.

Because Relator is indigent, on August 13, 2012, Terence A. "Tiger" Russell was appointed, by the then-District Judge, the Honorable F. B. "Bob" McGregor, to represent Relator. The order appointing attorney is attached hereto as Exhibit 2 and incorporated for all purposes by reference herein. Relator pleaded "not guilty" and expressed a desire to press the State of Texas to prove his guilt beyond a reasonable doubt in a jury trial.

Upon the retirement of the Honorable F. B. "Bob" McGregor, District Judge of the 66TH District Court, the Honorable A. Lee Harris was duly elected

2

as District Judge in 2014 and took office in January of 2015.

Even though Relator has not expressed any dissatisfaction with or desire to have Mr. Russell removed as his attorney, (*See* Relator's Declaration which is attached and incorporated herein as Exhibit 3), on February 27, 2015, Respondent *sua sponte*, and without a hearing, signed an order that appointed Lyle Vincent Gripp as "lead counsel" for Relator.[1] The order appointing Lyle Vincent Gripp as "lead counsel" (hereinafter referred to as "order") is attached hereto as Exhibit 4, incorporated for all purposes by reference herein.[2] Mr. Russell was not made aware of the trial court's order before receiving a fax to his office on February 27, 2015. (See Mr. Russell's declaration, Exhibit 14, attached hereto and incorporated herein.)

After the date of the "order", the trial court delivered an *ex parte* letter received by the court from a defendant that was also a recipient of an order appointing additional attorney. The client complained that he could be released from jail as soon as he was brought before the court to plead out. *See*

---

[1] The language of the Order, that the "Court determined that additional counsel was needed" is disconcerting, to say the least. Never mind that Respondent's actions in entering an order without the Relator's ability to have any input or to be heard in opposition, implicates Relator's Due Process and Due Course of Law rights. Without a record, there is simply no way for this Court to know on what the Respondent relied in making the "determination" that additional counsel was necessary and whether Respondent was justified in making that determination.

[2] The Court issued orders in *every* case to which Relator's attorney had been appointed prior to Respondent's taking office as District Judge for the 66th Judicial District, involving a total of 8 clients, 4 other attorneys, and 12 cases. (*See* Mr. Russell's declaration, Exhibit 14, attached hereto and incorporated herein.) Mr. Russell assumes that Respondent will abide this Court's decision herein and set aside the orders in those other cases without the necessity of filing a separate writ of mandamus in each case. If this belief is mistaken, additional writs will be forthcoming.

3

Court letter of March 5, 2015 regarding Arellano letter of March 4, 2015, both of which are attached hereto as Exhibit 5.

In that case, Mr. Russell had already informed the appointed additional counsel that the plea deal had already been negotiated and accepted by Mr. Arellano and that all that needed to be done was to schedule a plea date. *See* the email attached hereto as Exhibit 6. As "lead" counsel neglected to do what was necessary to dispose of the case, and as Mr. Arellano was languishing in jail, Mr. Russell scheduled a plea date and concluded the matter. (See Mr. Russell's declaration, Exhibit 14, attached hereto and incorporated herein.)

Subsequently, Respondent expressed an intent that Mr. Russell take no action in another case unless those actions are first approved by Lyle Vincent Gripp, who had similarly been appointed as lead counsel. *See* trial court's letter dated March 18, 2015 which is attached and incorporated herein as Exhibit 7.[3] Only expediting the wishes of a client he had represented without additional counsel under the former District Judge, Mr. Russell responded to the trial court's inquiry, explaining the reasoning behind his questioned action and explaining why the appointment of additional counsel was absolutely unnecessary. See Exhibit 8, incorporated fully by reference. Additionally, Mr. Russell received a letter from the client thanking him for his assistance. *See*

---

[3] It is interesting to note that in another of the cases in which an additional lead counsel had been appointed, Mr. Russell appeared in court and plead the client to "time served" without having given notice to the supposed "lead" counsel and without complaint of the trial court. See Declaration of Mr. Russell, Exhibit 14.

4

Exhibit 9, incorporated by reference for all purposes.

After the receipt of Mr. Russell's explanation for having acted without notice to him, that appointed "lead counsel" emailed Mr. Russell to demand that he take no further action with regard to the defense of another client to whom said other attorney had been appointed as additional "lead counsel" without the permission of Mr. Russell or the client. *See* Exhibit 10, incorporated fully by reference.

Given the Respondent's response to Mr. Russell's timely representation of a client wherein additional "lead" counsel had been appointed and the belief of such "lead" counsel that the corresponding "order" removed any decision-making responsibility from Mr. Russell in all cases wherein a similar court order had been issued, Mr. Russell is of the opinion that he is tacitly, if not overtly, being denied the opportunity and ability to represent Relator.

The delay in representation of a client caught in the midst of what may be called "the 'additional lead counsel' fiasco" and Respondent's reaction thereto forced Mr. Russell to file a Motion to Set Aside Feb. 27, 2015 Order Appointing Counsel on April 2, 2015 (*see* Exhibit 11, incorporated fully by reference).[4] This motion outlined some of the services

---

[4] When the Court responded to Mr. Russell's Motion to Set Aside Feb. 27, 2015 Order Appointing Counsel, he attached a letter which he alleged was a complaint about Mr. Russell's representation. The Court misinterpreted such letter, as it was actually written by an unknown third party who falsely claims that Relator does not read or write. Mr. Russell has many letters in his file written by Relator, which, due to attorney-client privilege cannot be shared. In essence, that letter was actually a complaint about the length of time Relator had been incarcerated without being called for trial and the 3rd party's feeling that such was solely the fault of Mr. Russell. That letter is within Exhibit 12,

supplied by Mr. Russell to Relator and sought an opportunity to present evidence with regard to the actual necessity of the complained of Order.[5]

After several days of not receiving the Court's setting notice for hearing on such Motion, Mr. Russell brought the matter to the Court Coordinator's attention. The very next day, the Court sent a letter stating it would not hold a hearing on Mr. Russell's Motions to Set Aside, because Mr. Russell was not the proper party to present such Motion.[6] This letter is attached hereto, marked as Exhibit 12 and is fully incorporated herein.

Relator's case is now pending a trial setting on the court's docket.

Relator sought mandamus relief from the Tenth Court of Appeals, which denied relief. See Exhibit 15. This Petition presents the same question that is pending before the Court in *Ex parte Thomas Allen Simon,* WR-83,783-01 and that was presented to the Court in both *Ex parte Brandon Jay Carter,* WR-83,286-01 and *Ex parte Brandon Jay Carter,* WR-83,286-02, decided August 26, 2015.

Mandamus relief is sought to vacate the order appointing Lyle Vincent Gripp.

## SUMMARY OF THE ARGUMENT

and, by reference is fully incorporated herein. (*See* Mr. Russell's declaration, Exhibit 14, attached hereto and incorporated herein.)

[5] A similar Motion to Set Aside was filed in all of the cases where there still remained an "additional lead counsel."

[6] If the attorney is not the proper party to bring forth Motions with regard to the representation of clients, then an attorney could never file a Motion to Withdraw or Motion to Substitute Counsel.

6

A trial judge acts without reference to guiding authority when he tacitly removes appointed counsel from representing an indigent defendant by appointing additional counsel and giving them authority over the defense of said indigent defendant. A trial judge denies a defendant Due Process when, without a hearing, he appoints new lead counsel, leaving the original attorney without any authority over the handling of the case. Mandamus will issue to require the trial judge to set aside that order. Mandamus relief is available to correct this abuse of discretion as Relator has no adequate remedy by law and is entitled to mandamus relief.

A writ of prohibition should issue to prohibit the District Judge from taking any further action on the underlying case until this appellate proceeding is concluded.

## ARGUMENT AND AUTHORITY

**ISSUE NO. ONE RESTATED:** The power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to effectively replace counsel by appointing new counsel as "lead counsel" at the judge's discretionary whim and especially without a hearing. Mandamus should issue to cause the order appointing additional lead counsel to be vacated.

As shown on the Court's Docket Sheet, Exhibit 13, Relator has not requested that new counsel be appointed. Since the Docket Sheet does not show that any hearing was held to determine the need for additional counsel, it is clear that Respondent issued the order *sua sponte* and *ex parte*.

Relator's right to counsel implicates his rights under the Fifth, Sixth, and

7

Fourteenth Amendments of the United States Constitution. It also implicates his rights under Art. 1, §§ 10 & 19, Texas Constitution.

And Relator's right to a hearing before his appointed counsel is relegated to the position of, at best, a second-chair with no authority over the case, implicates Relator's Due Process rights under the Fourteenth Amendment of the United States Constitution. It also implicates his Due Course of Law rights under Art. 1, §§ 10 & 19, Texas Constitution.

As the Supreme Court has repeatedly held,

> "The "right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." (citation omitted) The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." (citation omitted)"[7]

Respondent denied Relator the opportunity to be heard before Respondent effectively removed Mr. Russell as his attorney. And Respondent has continued to deny Relator the right to be heard on his Motion to Set Aside that order. This violates Relator's Due Process and Due Course of Law rights to be heard at a meaningful time and in a meaningful manner.

### Entitlement to Writ of Mandamus:

This Court has mandamus jurisdiction in criminal-law matters.[8]

Mandamus is an extraordinary remedy. Mandamus will issue only to

---

[7] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

[8] *Padilla v. McDaniel*, 122 S.W.3d 805, 807 (Tex. Crim. App. 2003) (orig. proceeding) (per curiam).

correct a clear abuse of discretion or the violation of a duty imposed by law. Mandamus relief is available if the trial court violates a duty imposed by law.[9] A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by appeal is inadequate.[10] A trial court abuses its discretion if it acts without reference to any guiding rules and principles or if the trial court's act is arbitrary or unreasonable.[11] "A trial court has no discretion in determining what the law is or applying the law to the facts."[12] The "trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion."[13]

A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by appeal is inadequate.[14]

The Honorable Court of Criminal Appeals has held "[T]hat the power of the trial court to appoint counsel to represent indigent defendants does not

---

[9] *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

[10] *In re Kuntz*, 124 S.W.3d 179, 180 (Tex. 2003); *Ayres v. Canales*, 790 S.W.2d 554, 556 (Tex. 1990); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987); *West v. Solito*, 563 S.W.2d 240, 244 (Tex. 1978); *Walker v. Packer*, 827 S.W.2d 833,843 (Tex. 1992); *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex. 1984).

[11] *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 24 1-42 (Tex. 1985).

[12] *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996)(citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

[13] *Id.*

[14] *Ayres v. Canales*, 790 S.W.2d 554,556 (Tex. 1990); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987); *West v. Solito*, 563 S.W.2d 240, 244 (Tex. 1978).

carry with it the concomitant power to remove counsel at his discretionary whim."[15] While, in appointing additional counsel, Respondent has not technically removed counsel, the effect of his Order is essentially the same. By also naming the additional counsel as lead counsel, and not allowing Mr. Russell to make any decisions or take any actions without said lead counsel's approval, Respondent has intended and caused Mr. Russell to have no power to act or make legal decisions on behalf of Relator. The effect is the same.

As evidence of Respondent's intention, a letter from the court inquiring as to why Mr. Russell disposed of a case wherein additional lead counsel had been appointed is attached as Exhibit 7, and incorporated thereby for all purposes. Mr. Russell's response to the Court's inquiry is attached hereto as Exhibit 8 and incorporated thereby for all purposes. One such lead attorney showed that he is of the opinion the trial court's order allows him to dictate the actions of Mr. Russell; see Exhibit 10, attached hereto and incorporated by reference for all purposes. While Respondent may not have directly acted in contravention of controlling precedent by removing Mr. Russell,[16] the intent and effect was still to interfere with the attorney-client relationship that exists between Relator and Terence A. "Tiger" Russell and Mr. Russell's ability to decide the course of the defense of the case.

Mr. Russell filed a Motion to Set Aside Order Appointing Additional

---

[15] *Stearnes v. Clinton*, 780 S.W.2d 216,223 (Tex. Crim. App. 1989).

[16] *Id.*

10

Counsel, attached hereto as Exhibit 11 and incorporated thereby for all purposes, to give the Respondent the opportunity to reflect on the prior action and correct the mistake without forcing the taking this action. Respondent refused to even set a hearing on said Motion, claiming that the Motion was not brought by the proper party; see Exhibit 12, attached and incorporated thereby for all purposes.

Respondent violated clearly-established law, as pronounced by the Supreme Court in *Mathews v. Eldridge*,[17] and its progeny, when he denied Relator a hearing before he appointed new lead counsel and after, when he refused to hold a hearing on the Motion to Set Aside that Order. Respondent violated clearly-established law, as pronounced by this Court in *Stearnes*,[18] and abused his discretion when he appointed additional lead counsel to represent Relator, thereby relegating Mr. Russell to the position of a spectator—all without a hearing. Mandamus should issue to set aside this order.

> **ISSUE NO. TWO RESTATED:** A Writ of Prohibition should issue to prohibit Respondent from holding any hearings on the case until such time as the application for writ of mandamus shall have been determined.

Respondent controls the court docket and as such, can schedule trial at any time. As it presently stands, Terence A. "Tiger" Russell has been

---

[17] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

[18] *Id.*

11

essentially removed as Relator's attorney and has no right to represent Relator should the case be called for trial. Relator cannot not know whether this Court can rule on this application before that time.

**Entitlement to Writ of Prohibition:**

The writ of prohibition is an extraordinary writ that may be issued by a Court of Appeals, as a court of superior jurisdiction, directed to a court of inferior jurisdiction. Its purpose may be to prevent an inferior tribunal from exercising a jurisdiction that it has no lawful right to exercise. The writ of prohibition as used in Texas has three principal functions: "(I) preventing interference with the higher courts in deciding a pending appeal; (2) preventing an inferior court from entertaining suits which will re-litigate controversies which have already been settled by the issuing court; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction."[19]

Mandamus and prohibition are available in a criminal proceeding if the relator shows that: (1) the act he seeks to compel or prohibit does not involve a discretionary or judicial decision; and (2) he has no adequate remedy at law to redress the harm that he alleges will ensue.[20] The first prong requires the

---

[19] [▲]  *Humble Oil Co. Inc. v. Walker*, 641 S .W.2d 941, 943 (Tex. App. —Dallas 1982, orig. proceeding).

[20] [▲]  *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding); see also *In re State ex rel. Weeks*, 391 S.W.3d 117, 122-23 (Tex. Crim. App. 2013) (orig. proceeding); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 004) (orig. proceeding).

relator to show that he has a clear right to the relief sought, meaning that the facts and circumstances dictate only one rational decision under unequivocal, well-settled, and clearly controlling legal principles.[21] When a relator seeks extraordinary relief that amounts to the undoing of an accomplished judicial act, that relief is more in the nature of mandamus than prohibition.[22]

Any attempt by Respondent to force the underlying case to hearings or to trial will interfere with this Court's jurisdiction and will deprive Relator of the right to have the impropriety of the challenged order resolved.

## CONCLUSION

This Court should hold that Respondent violated Relator's Constitutional rights, as detailed above, and that he abused his discretion when he named Lyle Vincent Gripp as Relator's additional "lead" counsel and removed from Terence A. "Tiger" Russell any ability to dictate or guide Relator's defense. This Court should hold that a writ of prohibition is necessary to prevent the Respondent from proceeding to trial on the indictment against Relator. This Court should issue its writs of mandamus and prohibition in conformity with the allegations in this Petition and the Court's findings. This Court should grant Relator general relief.

Respectfully submitted:

---

[21] *Simon*, 306 S.W.3d at 320.

[22] *Id*. at 320.

13

/s/ Terence A. Russell
Terence A. "Tiger" Russell
#217437070
1040 E. Elm St.
Hillsboro, Texas 76654
(254) 580-9282
Fax: (254) 582-5593
tiger_russell@att.net

L.T. "Butch" Bradt #02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net
ATTORNEYS FOR RELATOR

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, in accordance with the Rule 9.5, T.R.A.P., certify that a true and correct copy of the foregoing Petition was delivered to:

RESPONDENT:
Honorable A. Lee Harris
66th Judicial District Court
PO Box 284
Hill County Courthouse
Hillsboro, Texas 76645
(254) 582-4045

STATE:
Mark Pratt, District Attorney
PO Box 400
Hill County Courthouse
Hillsboro, Texas 76645
Fax: (254) 582-4036

ADDITIONAL COUNSEL:
Lyle Vincent Gripp
100 N 6th St., Suite 703
Waco, TX 76701
254-756-1112


On August 28, 2015.

/s/Terence A. Russell
Terence A. "Tiger" Russell

# CERTIFICATE OF COMPLIANCE

This is to certify that, using the word count feature of WordPerfect 12, the total number of words in the Petition is 3697, exclusive of footnotes and exhibits. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface in 14-point Georgia and the footnotes are in a proportionally-spaced typeface in 12-point Times New Roman.

/s/Terence A. Russell
Terence A. "Tiger" Russell